Case 2:22-cv-04968-SPG-GJS   Document 1-1   Filed 07/20/22   Page 1 of 12   Page ID #:4

22CHCV00425

Electronically FILED by Superior Court of California, County of Los Angeles on 06/09/2022 05:57 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Orozco, Deputy Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
County of Los Angeles, AND DOES 1 – 20 INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DANISHA JOHNSON, individually and as Successor-in-Interest to the ESTATE OF DEWITT DARREN JOHNSON

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

BOARD OF SUPERVISORS
COUNTY OF LOS ANGELES
FILED

2022 JUN 21 A 10: 26

BC

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court, 9425 Penfield Avenue, Chatsworth, CA 91311

CASE NUMBER: *(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Chijioke Ikonte, SBN206203, 3435 Wilshire Blvd., Suite 1520, Los Angeles, CA 90010

| DATE: 06/09/2022 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by (*Secretario*) S. Orozco | , Deputy (*Adjunto*) |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: County of Los Angeles,
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 6/21/22

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

22CHCV00425
Electronically FILED by Superior Court of California, County of Los Angeles on 06/09/2022 05:57 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Orozco,Deputy Clerk
Assigned for all purposes to: Chatsworth Courthouse, Judicial Officer: Melvin Sandvig

EMMANUEL C. AKUDINOBI, SBN 188903
epcakudinobi@yahoo.com
CHIJIOKE O. IKONTE, SBN 206203
cikonte@yahoo.com
LAW OFFICES OF AKUDINOBI & IKONTE
3435 WILSHIRE BLVD., SUITE 1520
LOS ANGELES, CA 90010
(213) 387 - 0869
(213) 387 - 0969 (fax)

Attorneys for Plaintiffs
Danisha Johnson, individually and as
Successor-in-Interest to the Estate of Dewitt Darren

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – NORTH DISTRICT

| | |
|---|---|
| DANISHA JOHNSON, individually and as Successor-in-Interest to the ESTATE OF DEWITT DARREN JOHNSON<br><br>Plaintiffs,<br><br>vs.<br><br>County of Los Angeles, AND DOES 1 – 20 INCLUSIVE,<br><br>Defendants | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**[*DEMAND FOR JURY TRIAL*]** |

Plaintiffs DANISHA JOHNSON, individually and Successor-in-Interest to the ESTATE OF DEWITT DARREN JOHNSON allege as follows:

### I
### PARTIES

1. Plaintiff, DANISHA JOHNSON, an individual, at all times relevant, a resident of the County of Los Angeles. She is the surviving spouse of the Decedent.

2. The ESTATE OF DEWITT DARREN JOHNSON is represented by and through its Successor-in-Interest DANISHA JOHNSON pursuant to *Code of Civil Procedure* § 377.60.

COMPLAINT FOR DAMAGES                                          1

3. Defendant County of Los Angeles is at all times relevant a public entity duly organized and existing under laws of the State of California. At all times relevant it was acting under the color of law because it was engaged in the traditionally governmental function of providing health care to inmates.

4. The true name and identities of the DOE defendants are currently unknown. Plaintiff hereby reserves the right to amend his pleadings once their true names and identities are ascertained.

5. Plaintiff is informed and believes, and based on that information and belief, alleges that each of the defendants designated as DOE is legally responsible in some manner for the occurrences alleged in this complaint, and unlawfully caused the injuries and damages to Plaintiff as alleged in this complaint.

6. Plaintiff is informed and believes, and based on that information and belief, alleges that all the above named defendants were agents or representatives of each other, and that they were engaged in a joint venture for the mutual benefit of each other. All the above named defendants hereinafter are collectively referred to as Defendant.

## II
## GENERAL ALLEGATIONS

7. Decedent Dewitt Darren Johnson was a California State prisoner and was housed at Calipatria State Prison.

8. Decedent suffered from high blood pressure. His blood pressure was managed and controlled with medication.

9. Sometime in May 2021, Decedent was transferred to the custody of the Los Angeles County Sheriff's Department ("LASD"). He was transferred to LASD in preparation for release from the custody of California Department of Corrections and Rehabilitation. ("CDCR")

10. Plaintiffs are informed and believe and thereon allege that consistent with the practices of CDCR, the Decedent's records, particularly, his medical records were transferred to LASD upon the transfer. Thus, LASD had his full medical history,

including prior treatments, diagnosis, prognosis, and medications that he was currently taking.

11. CDCR managed the Decedent's health issues, particularly, the blood pressure without any incident.

12. LASD housed the Decedent at its facility commonly known as North County Correctional Facility in Castaic ("Wayside"), California

13. While at Wayside, the Decedent took ill and visited the Infirmary. The DOE defendants gave him the wrong medication for his blood pressure. Decedent's current medications were listed in his medical record.

14. Decedent started experiencing swelling to his legs and was having difficulties walking.

15. Decedent had multiple visits to the infirmary where his chief complaints include chest pain, severe abdominal pain, leg pains and difficulty walking, and swelling. On each occasion, he was told that he had acid reflux and sent back to his cell. He complained about the wrong medication but was dismissed by DOE defendants.

16. During the early hours of June 13, 2021, the Decedent went into respiratory distress with labored breathing and died shortly thereafter.

## III
## CLAIMS FOR RELIEF
## FIRST CAUSE OF ACTION
## 42 *U.S.C.* § 1983 – Denial of Medical Care/Conditions of Confinement against DOE defendants

17. Plaintiffs re-allege and incorporate paragraphs 1 through 16 above, as though fully stated in this paragraph.

18. The defendants' conduct constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

19. The defendants' conduct constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

20. The defendants failed to take any reasonable steps or disregarded the conditions that the Decedent presented.

21. The DOE defendants ignored the Decedent's symptoms and managed his blood pressure with the wrong medication.

22. The DOE defendants were aware that treating the plaintiff with the wrong medication or ignoring his symptoms will exacerbate his pre-existing medical condition and yet failed to treat him with the right medication or treat his symptoms.

23. Plaintiffs are informed and believe and thereon allege that the DOE defendants ignored the healthcare needs of the Decedent.

24. The DOE defendants were aware of the consequences of ignoring the health care needs of the Decedent and still ignored his needs, sending him back to his cell without any referral to a specialist or monitoring his symptoms or failing to properly diagnose and treat the symptoms that he presented.

25. The DOE defendants subjected the Decedent to a violation of his Eighth Amendment right to be free from cruel and unusual punishment with malice and oppression and without regard to his rights.

## SECOND CAUSE OF ACTION

### *Monell* Claim against the County of Los Angeles

26. Plaintiffs re-allege and incorporate paragraphs 1 through 25 above, as though fully stated in this paragraph.

27. At all times relevant the DOE defendants were employees of the County of Los Angeles.

28. Policies and customs of the County of Los Angeles proximately caused and contributed to the constitutional violations set forth above.

29. Plaintiffs are informed and believe and therein allege that it is the policies and custom of the County of Los Angeles to ignore the symptoms presented by people under the custody of LASD and present sub-standard medical treatment to them.

Case 2:22-cv-04968-SPG-GJS Document 1-1 Filed 07/20/22 Page 6 of 12 Page ID #:9

30. The treatment that the Decedent received was consistent with the aforementioned policies and custom of the County of Los Angeles.

31. As result of the above described conduct, the Decedent was harmed in an amount to be proved at trial.

### THIRD CAUSE OF ACTION

**Wrongful Death and Survival Action sounding in Professional Negligence against all defendants (County of Los Angeles is liable pursuant to *Government Code* § 815.2)**

32. Plaintiff re-alleges and incorporates Paragraphs 1 through 25 above, as though fully stated in this paragraph.

33. All the defendants, including DOE defendants, owed a duty of care to the Decedent.

34. The defendants ignored the Decedent's symptoms, managed his blood pressure with the wrong medication, and failed to timely refer him to a specialist. He was wrongly advised that he had acid reflux.

35. As a result of the defendants' breach of their duty of care, the Decedent was harmed.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. For general and punitive damages against the DOE defendants;
2. For general damages against the defendant County of Los Angeles
3. For costs of the suit incurred herein;
4. For pre-judgment interest according to proof;
5. For pre-trial interest according to prove
6. For reasonable attorneys' fees and costs incurred by plaintiff pursuant to 42 USC § 1988;
7. For such additional and further relief as this court may deem just.

Dated June 2, 2022

Law Offices of Akudinobi & Ikonte,

BY: _____
Chijioke O. Ikonte
Attorney for Plaintiffs
Danisha Johnson, individually and as
Successor-in-interest to Estate of Johnson

COMPLAINT FOR DAMAGES  5

## Declaration of Danisha Johnson

I, Danisha Johnson, declare and state as follows:

1. I am over the age of eighteen years and have personal knowledge of the matters stated herein.
2. The name of the decedent is DEWITT DARREN JOHNSON.
3. DEWITT DARREN JOHNSON died on June 13, 2021.
4. No proceeding is now pending in California for administration of the decedent's estate.
5. I am the surviving spouse of the decedent. I am the decedent's successor in interest as defined in *Code of Civil Procedure* § 377.11 with respect to the decedent's interest in the lawsuit.
6. No other person has superior rights to be substituted for the decedent in the pending action.
7. A true and correct copy of the death certificate of the decedent is attached herewith as Exhibit "A" and incorporated herein by reference.

I declare under penalty of perjury under the Laws of the State of California that the foregoing is true and correct.

Executed on June 7, 2022 in Banning, California.

Danisha Johnson

# EXHIBIT A

-1

# STATE OF CALIFORNIA
### CERTIFICATION OF VITAL RECORD

# COUNTY OF LOS ANGELES
## DEPARTMENT OF PUBLIC HEALTH

**PHYSICIAN/CORONER'S AMENDMENT**
NO ERASURES, WHITEOUTS, PHOTOCOPIES, OR ALTERATIONS

STATE FILE NUMBER: 3052021169983
LOCAL REGISTRATION NUMBER: 3202119041516

1.1

☐ BIRTH ☒ DEATH ☐ FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY – THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD

## PART I — INFORMATION TO LOCATE RECORD

**INFORMATION AS IT APPEARS ON ORIGINAL RECORD**

| 1A. NAME—FIRST | 1B. MIDDLE | 1C. LAST | 2. SEX |
|---|---|---|---|
| DEWITT | DARREN | JOHNSON | M |

| 3. DATE OF EVENT—MM/DD/CCYY | 4. CITY OF EVENT | 5. COUNTY OF EVENT |
|---|---|---|
| 06/13/2021 | CASTAIC | LOS ANGELES |

## PART II — STATEMENT OF CORRECTIONS

2 OF 2

| 6. CERTIFICATE ITEM NUMBER | 7. INFORMATION AS IT APPEARS ON ORIGINAL RECORD | 8. INFORMATION AS IT SHOULD APPEAR |
|---|---|---|
| 107A | DEFERRED | AORTIC DISSECTION |
| 107AT | | UNKNOWN |
| 119 | PENDING INVESTIGATION | NATURAL |

LIST ONE ITEM PER LINE

**DECLARATION OF CERTIFYING PHYSICIAN OR CORONER**

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

| 9. SIGNATURE OF CERTIFYING PHYSICIAN OR CORONER | 10. DATE SIGNED—MM/DD/CCYY | 11. TYPED OR PRINTED NAME AND TITLE/DEGREE OF CERTIFIER |
|---|---|---|
| ▶ JOSEPH VALLONE | 09/08/2021 | JOSEPH VALLONE, DME |

| 12. ADDRESS—STREET and NUMBER | 13. CITY | 14. STATE | 15. ZIP CODE |
|---|---|---|---|
| 1104 NORTH MISSION ROAD | LOS ANGELES | CA | 90033-1017 |

**STATE/LOCAL REGISTRAR USE ONLY**

| 16. OFFICE OF VITAL RECORDS OR LOCAL REGISTRAR | 17. DATE ACCEPTED FOR REGISTRATION—MM/DD/CCYY |
|---|---|
| ▶ CDPH-VR | 09/10/2021 |

STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH, OFFICE OF VITAL RECORDS
FORM VS 24Ae (REV. 1/08)
1.1



**CERTIFIED COPY OF VITAL RECORD**
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

This is a true certified copy of the record filed in the County of Los Angeles Department of Public Health if it bears the Registrar's signature in purple ink.

003118530

Health Officer and Registrar VR
DATE ISSUED SEP 21 2021

This copy is not valid unless prepared on an engraved border, displaying the date, seal and signature of the Registrar.




ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

CAL0SANG01

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Chatsworth Courthouse<br>9425 Penfield Avenue, Chatsworth, CA 91311 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/09/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: S. Orozco  Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>22CHCV00425 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Melvin D. Sandvig | F47 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    Sherri R. Carter, Executive Officer / Clerk of Court

on 06/10/2022    By S. Orozco , Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES**<br>COURTHOUSE ADDRESS:<br>Chatsworth Courthouse<br>9425 Penfield Avenue, Chatsworth, CA 91311 | Reserved for Clerk's File Stamp<br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/10/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: G. Gilbertson  Deputy |
| PLAINTIFF:<br>Danisha Johnson | |
| DEFENDANT:<br>County of Los Angeles | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>22CHCV00425 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept.: |
|---|---|---|
| 06/12/2023 | 8:30 AM | F47 |

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 06/10/2022

Melvin D. Sandvig / Judge
Judicial Officer

---

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Chatsworth, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Chijioke Ikonte
3435 Wilshire Blvd Suite 1520

Los Angeles, CA 90010

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 06/10/2022

By G. Gilbertson
Deputy Clerk

| | | |
|---|---|---|
| LACIV 132 (Rev. 07/13)<br>LASC Approved 10-03<br>For Optional Use | **NOTICE OF**<br>**CASE MANAGEMENT CONFERENCE** | Cal. Rules of Court, rules 3.720-3.730<br>LASC Local Rules, Chapter Three |